5

United States District Court
Southern District of Texas
ENTERED

DEC 3 0 1998

Michael N. Milby, Clerk of Court
By Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| CAPTIAN MAQSOOD AHMED, ET AL. | § § § | |
| VS. | § | C.A. NO. B-98-188 |
| TRISTAR SHIPPING LINES, LTD in personam, M/V DELTA PRIDE, her engines, tackle, etc., in rem | § § § § | In Admiralty Pursuant to Rule 9(h) of the Federal Rules of Civil Procedure |

## ORDER APPOINTING SUBSTITUTE CUSTODIAN

Plaintiffs, the crew of the **M/V DELTA PRIDE**, by and through their undersigned attorney, **GEORGE J. PRAPPAS**, having appeared and made the following recital:

1. On December 28th, 1998, the Complaint herein was filed praying that the **M/V DELTA PRIDE**, her engines, tackle, apparel, etc., and all other necessities thereunto appertaining and belonging, be arrested and held pending Plaintiffs' demands and claims.

2. On December 30th, 1998, the Clerk of this Court issued a Warrant of Arrest of Vessel commanding the United States Marshal for this District to arrest and take into custody the Defendant vessel and to detain the same in his custody until further order of the Court respecting same.

3. The United States Marshal is to seize the subject vessel on this date or as soon thereafter as practicable. Custody by the United States Marshal requires the services of one or more keepers at a charge of at least $1,000.00 per day for the keepers alone and not including charges for wharfage and the other services usually associated with safekeeping vessels similar to the Defendant vessel.

4. The Defendant vessel is currently moored safely within the territorital waters of the United States. Caption Maqsood Ahmed has agreed to assume the responsibility of safekeeping the said vessel and has consented to act as its custodian unitl further Order of this Court all for a sum, including wharfage and routine services required for the safekeeping of the particular vessel, at a rate much less than that required by the Marshal. The United States Marshal is unable to perform or have performed at a comparable rate these same services.

5. Captain Maqsood Ahmed assures Plaintiff's attorney that he has adequate experience and crew for the proper safekeeping of the vessel. Further, substitute custodian accepts, in accordance with the terms of this Order, possession of the Defendant vessel, its engines, tackle, apparel, furniture, furnishings, equipment and all other necessities thereunto appertaining and belonging, which are the subject of the action herein.

6. In consideration of the Marshal's consent to the substitution of custody, Plaintiffs agree to release the United States and the Marshal from any and all liability and responsibility arising out of the care and custody of Defendant vessel, its engine, tackle, apparel, furniture, furnishings, equipment and all other necessities thereunto appertaining adn belonging, from the time the Marshal transfers possession of said vessel over to said substitute custodian, and said Plaintiffs further agree to hold harmless and indemnify the United States and the Marshal from any and all claims whatsoever arising out of the substitute custodian's possession and safekeeping.

**THEREFORE, IT IS ORDERED,** that the United States Marshal for the Southern District of Texas, be and is hereby authorized and directed after he has obtained possession by arrest and seizure to surrender the possession thereof to the substitute custodian named herein,

and that upon such surrender the Marshal shall be discharged from his duties and responsibilities for the safekeeping of said vessel and held harmless from any and all claims whatsoever arising out of said substituted possession and safekeeping.

**IT IS FURTHER ORDERED** that Caption Maqsood Ahmed be and is hereby appointed the substitute custodian of said vessel to retain the same in his custody for possession and safekeeping and to move the **M/V DELTA PRIDE** as necessary to safekeep the vessel until further Order of this Court.

**IT IS FURTHER ORDERED** that the substitute custodian agrees to comply with all orders of the United States Coast Guard Captain of the Port (COTP), Corpus Christi with respect to the **M/V DELTA PRIDE** under the authority of the Ports and Waterways Safety Act (PWSA) of 1972 as amended and with any other lawful order issued relating to operation (i.e. movement, safekeeping, etc.) of the M/V Delta Pride.

**IT IS FURTHER ORDERED** that the **M/V DELTA PRIDE** be transferred to the care and custody of the substitute custodian as she lay afloat within the territorial waters of the United States.

**IT IS FURTHER ORDERED** that all expenses for the transfer and safekeeping of Defendant vessel shall be deemed administrative expenses of the Marshal and of <u>custodia legis</u> notwithstanding that they may be advanced or paid directly by Plaintiffs.

**IT IS FURTHER ORDERED** that at $5,000.00, deposit for U.S. Marshal's fees is deemed sufficient for the U.S. Marshal to effect the arrest of the **M/V DELTA PRIDE**.

**IT IS FURTHER ORDERED** that Plaintiff's attorney will serve a copy of said Order upon the Master or other ranking officer or caretaker of Defendant vessel.

Done at Brownsville, Texas this 30TH day of December, 1998.

_____ 12/30/98
**United States District Judge**

*Acting on Assignment and in the absence of Judge Tagle*

ClibPDF - www.fastio.com