IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JAN 28 1999

Michael N. Milby
Clerk of Court

| | |
|---|---|
| CAPTAIN MAQSOOD AHMED, et al, § | |
| § | |
| § | |
| v. § | CIVIL ACTION NO. B-98-188 |
| § | |
| TRISTAR SHIPPING LINES, LTD. § | |
| *in personam*, M/V DELTA PRIDE, § | |
| her engine, tackle, etc. *in rem* § | |

United States District Court
Southern District of Texas
ENTERED

FEB 01 1999

Michael N. Milby, Clerk of Court
By Deputy Clerk

### AMENDED ORDER FOR INTERLOCUTORY SALE OF VESSEL

Came to be heard the Unopposed Motion for Sale of Seized Vessel of Castrol North America Inc. filed in the above-styled matter. The Court, having considered the motion, has decided to GRANT the motion. It is therefore,

ORDERED, ADJUDGED, and DECREED that the defendant vessel *M.V. Delta Pride* (Official Number 368020), her engines, tackle, apparel and appurtenances, be sold as is, where is, by the United States Marshal, free and clear of all liens, claims, mortgages, and encumbrances, on public notice by advertising in a paper of general circulation within this Division and that a Writ of Venditioni Exponas issue accordingly. It is further,

ORDERED, ADJUDGED, and DECREED that, in accordance with Local Rule 17 of the Southern District of Texas, public notice of the interlocutory sale shall be published on at least four days, specified as February 2, 3, 4, and 5,

1999, in the *Brownsville Herald*, such dates being between three (3) and thirty-one (31) days before the sale date, and said interlocutory sale shall proceed at 10:00 a.m. on February 11, 1999 at the United States Marshal's Office, 1001 E. Elizabeth Street, Room 306, Brownsville, Texas 78520. Said Notice shall specify the time and place of the sale and that prospective buyers may, on application to the Marshal or Substitute Custodian and at such times and manner as the Marshal or Substitute Custodian may direct, view the vessel and her engines, tackle, apparel and appurtenances at their own risk for the purpose of inspection. It is further,

ORDERED, ADJUDGED, and DECREED that the United States Marshal provide public notice that the motor vessel *M.V. Delta Pride* has been attached pursuant to Admiralty Supplemental Rule C of the Federal Rules of Civil Procedure in case no. B-98-188, *Captain Maqsood Ahmad, et al v. Tristar Shipping Lines*, et al, pending in the Southern District of Texas, Brownsville Division, and that any person claiming an interest in the vessel or making a claim against it is advised to file a Claim and Answer in such case within thirty days of the date of publication of said Notice. It is further,

ORDERED, ADJUDGED, and DECREED that the sale of the vessel and her engines, tackle, and appurtenances will be to the highest bidder and that said bidder will be required to deliver to the Marshal, at the time of the sale, ten

2

percent (10%) of their bid in cash or by cashier's check, and shall have three (3) business days in which to pay the balance of the successful bid to the Marshal, and that acceptance of cashier's checks is conditioned on their payment. It is further,

ORDERED, ADJUDGED, and DECREED that all claims, liens and mortgages asserted in this action shall attach to the net proceeds of sale of the said vessel, being the successful bid on the said vessel, less all Court costs, Marshal's fees and expenses, clerk's fees, taxes and costs of sale. It is further,

ORDERED, ADJUDGED, and DECREED that parties litigant may participate in the bidding with no credit being allowed on the bid because of any claim asserted in the litigation. It is further,

ORDERED, ADJUDGED, and DECREED that any persons disrupting the sale or violating the terms of this order shall be subject to sanctions of this Court and that the United States Marshal shall be entitled to qualify potential bidders as possessing the financial ability to deliver to the United States Marshal the full amount of their bid. It is further,

ORDERED, ADJUDGED, and DECREED that any and all objections to the sale must be in writing and must be filed with the Clerk of this Court within three (3) business days of the day of said sale. Prior to filing any objections, the objecting party shall deposit a sum with the Marshal which will pay all

custodia legis expenses to keep the vessel for at least ten (10) days, subject to additional advances as necessary, said sum to be in cash, cashier's check or certified check. Further, the objecting party must give written notice of the objection to the Marshal and to all parties to this action, and the written objection must be endorsed by the Marshal with an acknowledgment of receipt of deposit prior to filing. It is further,

ORDERED, ADJUDGED, and DECREED that if an objection to sale is filed in accordance with the above requirements, or if the successful bidder at such sale fails to deliver to the United States Marshal the full amount of their bid, the Marshal, the objector, the successful bidder or any party to this action may move the Court for relief, which motion for relief shall be heard summarily, or at the latest, within ten (10) days of said sale, upon written notice to the Marshal, the successful bidder and all parties to this action. It is further,

ORDERED, ADJUDGED, and DECREED that all court costs, Marshal's fees and expenses, clerk's fees, taxes and costs of sale, including expenses which have been paid by the plaintiff, shall be deducted from the proceeds of the sale. It is further,

ORDERED, ADJUDGED, and DECREED that the Marshal shall bring and deposit the proceeds of said sale into the registry of this Court to be invested by the Clerk of this Court in interest-bearing accounts as shall be approved by

4

this Court, such funds to be held and from time to time similarly reinvested as necessary pending further disposition of this action and pending final judgment herein.

DONE at Brownsville, Texas, this 28 day of January 1999.

_____
Hilda G. Tagle
United States District Judge

5