*107*

United States District Court
Southern District of Texas
ENTERED

JAN 0 6 2000

Michael N. Milby, Clerk of Court
By Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| Ahmed, et al, | § | |
| Plaintiffs, | § § § | |
| v. | § | CIVIL ACTION NO. B-98-188 |
| Tristar Shipping Lines, Ltd., et al, | § § § | |
| Defendants. | § | |

ORDER

BE IT REMEMBERED, that all Parties in this matter are **ORDERED** to submit an amended Joint Pretrial Order by 5:00 p.m. on Friday, January 7, 2000 that adds the following information and makes the following changes and/or corrections:

1. Orders have been entered refunding the deposits of the Plaintiffs and Intervenor-Plaintiffs. Therefore, the claims and sums included in the Joint Pretrial Order should not include any deposits.

2. The Statement of the Case section of the current Joint Pretrial Order indicates that Mohammed Salim Sahiakh has intervened on behalf of Captain Zubair H. Kahn and his crew and Transworld, Inc. (d/b/a Global Ship Services, Ltd.). This statement is incorrect. Mohammed Salim Sahiakh has not appeared on behalf of Transworld. The Court granted the Unopposed Motion to Intervene of Transworld and Mohammed Salim Sahiakh, Individually and on Behalf of Fourteen Crew Members of the M/V Delta Pride [Dkt. No. 39] on May 5, 1999, and that motion indicates that Transworld and Mohammed Salim Sahiakh are separate intervenors.
   A. The two Plaintiff-intervenors have jointly filed Findings of Fact and Conclusions of Law, an Exhibit List and a Witness List under the name "intervenors." Mohammed Salim Sahiakh and Transworld are to file separate attachments under their own names – not the generic term "intervenors."
   B. The intervenor's attorney, Dennis Sanchez, is to sign the Joint Pretrial Order for both intervenors. The current Joint Pretrial Order is not "joint" because no attorney has signed it on behalf of Transworld.

1

C.  The current Proposed Findings of Fact do not distinguish between agreed upon and contested facts as required by this Court's rules.

D.  The current Conclusions of Law provide no meaningful legal authority to support the conclusions reached, as required by this Court's rules.

E.  The Exhibit List filed by the intervenors does not conform with the format required by this Court's rules.

F.  The Witness List filed by the intervenors does not include the witness' addresses as required by this Court's rules.

G.  The two intervenors are to amend the Contentions of the Parties section of the Joint Pretrial Order to include separate sections describing their contentions. The current Joint Pretrial Order combines the contentions of the two intervenors into one section under the name of Mohammed Salim Sahiakh.

3. The Plaintiffs need to amend their contributions to the Joint Pretrial Order as follows:

    A.  The Plaintiffs state that they claim $267,603.00 in the Statement of the Case section of the Joint Pretrial Order. Later, in the Contentions of the Parties section, the Plaintiffs state that they seek an additional $102,480.00 for *custodia legis* expenses. The Plaintiffs need to reconcile the sum they claim in the different sections of the Joint Pretrial Order.

    B.  The Plaintiffs' Proposed Findings of Fact state that they were "to be paid basic wages, overtime pay, shorthand pay, prolonged service pay, provision lifting, laundry, where applicable, lead wages, crew service bonus, repatriation allowance, travel allowance, offshore allowance and a performance allowance." These terms need to be defined and explained in detail.

    C.  The Plaintiffs are to supply the Court with an accurate detailed description of the collective bargaining agreement they entered into with Tristar Shipping, or a copy of the agreement.

4. North End Oil states that it has a lien for $482,000.00 in the Contentions of the Parties section. In the Statement of the Case section it states that the lien is for $478,000.00. North End Oil needs to reconcile the sum it claims in the different sections of the Joint Pretrial Order. In addition, North End Oil needs to refile its Findings of Fact to distinguish between agreed upon and contested facts

5. Allied Bank of Pakistan needs to amend its contributions to the Joint Pretrial Order as follows:

    A.  Allied Bank of Pakistan needs to refile its Proposed Findings of Fact and Conclusions of Law. Its Findings of Fact do not distinguish between agreed upon and contested facts, and its Conclusions of Law do not cite supporting authority as required by this Court's rules.

2

      B.    Allied Bank of Pakistan needs to refile its Exhibit List because the caption of the Exhibit List does not include its name.

6. Each party is to include a break down of the amount they claim in the Contentions of the Parties section of the Joint Pretrial Order. Each expense or amount allegedly owed for an individual service is to be separately listed and described in detail.

7. The parties' Exhibit Lists and Witness Lists indicate that evidence on foreign law will be presented to this Court during the bench trial. The law of Pakistan, England and Panama is mentioned. However, the body of the Joint Pretrial Order does not give any clear indication of the role that foreign law may or may not play in deciding the listed contested propositions of law. The parties are ordered to amend the body of the Joint Pretrial Order and their Proposed Findings of Fact and Conclusions of Law to provide information on how foreign law will affect this trial. This Court's rules require the parties to support their Conclusions of Law attachments and the Contested Propositions of Law section of the Joint Pretrial Order with supporting authority.

8. The Admissions of Fact, Contested Issues of Fact, Agreed Propositions of Law and Contested Propositions of Law sections of the Joint Pretrial Order are inadequate. The parties are to join together to create a more complete description of the agreed and contested issues of fact and law that will be presented to the Court at trial.

The parties were **ORDERED** to appear at 8:00 a.m. on Saturday, January 8, 2000, at the January 5, 1999 status conference. All parties are expected to appear.

DONE at Brownsville, Texas on the _____ day of January 2000.

_____
Honorable Hilda G. Tagle
United States District Court Judge

3